UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JONAH LONG,

                Plaintiff,

vs.

MATTHEW KINKADE,                Case No. 1:13-cv-01619-JMS-DKL
D. YOUNG,
S. KINKADE,
T. CLINE,
J. SORIA,
J. INGRAM,
R. GRABER,

                Defendants.

**ENTRY CONCERNING SELECTED MATTERS**

Presently pending before the Court are two motions[1] filed by Plaintiff Jonah Long in this pro se lawsuit which alleges a violation of Mr. Long's Fourth Amendment rights as the result of a warrantless search of his home on July 25, 2012, by several local law enforcement officers. The first is a Motion for Protective Order [dkt. 38], and the second is a Motion to Strike [dkt. 52]. The matters are fully briefed, and the Court will address each in turn.

**I. MOTION FOR PROTECTIVE ORDER**

In his Motion for Protective Order, Mr. Long seeks an order that would allow him to avoid answering two specific interrogatories submitted by Defendant Travis Cline. He does not want to provide his date of birth or social security number, arguing that this

---

[1] Docket Entry 46 is entitled a "Motion in Response" but is actually a reply in support of Mr. Long's Motion for Protective Order. The Clerk is **ORDERED** to administratively terminate the motion flag associated with this filing on the docket.

information is "privileged" and irrelevant. He expresses concern that the "defendant would certainly use it only to dig into plaintiffs [sic] background in an attempt to divert attention away from the facts of the complaint." The second interrogatory asks Mr. Long to detail his criminal history, including traffic or other infractions. Mr. Long also objects to this request as irrelevant, and "only useful to the defendant in an attempt to take the focus away from the facts of the complaint." [Dkt. 38 at p. 2.] Defendant Cline responds by noting that identifiers are routinely requested in civil litigation. He also asserts that Mr. Long has made and continues to make representations about the location of his personal residence on the date of the search in question, and that an earlier traffic stop on the date of the search is somehow related. He claims the identifiers and criminal history are relevant to determining the validity of these statements.

The Court can quickly dispense with Mr. Long's claim of privilege. There is none that attaches here. As for relevance, under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The definition of "relevant" for discovery purposes is a broad one, "encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Cunningham v. SmithKline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (quotation and alteration omitted). If a party believes that a discovery request is objectionable, the party must so state explicitly, and must, in the face of a motion to compel, show with "specificity that the request is improper." *Id.* It will not suffice to merely invoke "the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.@ *Burkybile v. Mitsubishi Motors Corp.*, 2006 U.S. Dist. LEXIS 57892, at *20 (N.D. Ill. 2006) (quotation omitted).

Here Mr. Long's motion must be denied for two reasons. First, to say that a request is "irrelevant" does not provide the Court the specificity it needs to invoke its powers to prevent discovery. Second, under the broad definition of discoverable information noted above, the requested information is in fact relevant for the reasons stated by Defendant Cline. Mr. Long's Motion for Protective Order [dkt. 36] is therefore **DENIED. Mr. Long shall provide complete answers to Interrogatories 1 and 4 within 10 days.** Mr. Long is advised that his discovery responses are not to be filed with the Court, rather they are to be served on the defendants.

## II. MOTION TO STRIKE

Mr. Long has also filed a motion to strike most of the numerous defenses presented by the various defendants in their various Answers [dkts. 24, 32, 36.] He challenges 36 defenses raised by some or all of them. Only Defendant Cline responded to the Motion to Strike, as to the remaining defendants the motion is subject to summary ruling per Local Rule 7-1(c)(5).

Federal Rule of Civil Procedure 12(f) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In the Seventh Circuit, motions to strike are generally disfavored, but "may 'serve to expedite, not delay,' when it seeks to strike portions of a pleading to 'remove unnecessary clutter from the case.'" *Schmitz v. Four D Trucking, Inc.*, 2014 U.S. Dist. LEXIS 10131, *2 (N.D. Ind. 2014) (quoting *Heller Fin. v. Midwhey*

*Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294. "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Id.* at 1294-95 (striking several affirmative defenses because they were "nothing but bare bones conclusory allegations," and "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims").

The Court finds that many of Mr. Long's challenges to the listed affirmative defenses are ill-timed and better suited to summary judgment given their factual nature, e.g. his challenges to qualified immunity or probable cause.

But in several instances his motion may well serve to expedite the proceedings by clarifying the issues. First with respect to any affirmative defense raised pursuant *Monell v. Department of Social Services,* 436 U.S. 658, (1978), Mr. Long has clarified that he has not sued any local governmental entity: "Plaintiff has not named a city or police department as a defendant in this action…." [Dkt. 52 at p. 2.] Accordingly, any affirmative defense based on *Monell* is immaterial and is hereby stricken. On a related note, the affirmative defense challenging IMPD's status as a suable entity and the defense asserting immunity from punitive damages by a governmental entity are likewise stricken.

Second, the Defendants raise numerous defenses under the Indiana Tort Claims Act, but Mr. Long has again made clear he is pursuing only a federal claim: "Suit was

brought against the officer for Fourth Amendment violations." [*Id.*]   Accordingly, any affirmative defenses based on state law are stricken.

With respect to the affirmative defenses of probable cause (arrest or search), res judicata, qualified immunity, good faith, and mitigation of damages, those defenses remain and the Motion to Strike is denied.

Finally, with respect to any defense that Mr. Long's complaint fails to state a claim, if any defendant intends to pursue that defense, he shall file a motion setting forth the basis for that defense (or submit a notice that he is withdrawing it) on or before April 25, 2014.

### III, CONCLUSION

For the reasons stated above, Mr. Long's Motion for Protective Order is DENIED [dkt. 38].  Mr. Long's Motion to Strike [Dkt. 52] is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.  Any defendant who intends to pursue the defense that Mr. Long's Complaint fails to state a claim must file motion in support of that defense or a notice of withdrawal on or before April 25, 2014.

Date: 03/25/2014

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Amanda J. Griffith
Office of Corporation Counsel
agriffith@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com

JONAH  LONG
103975
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838