UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JONAH LONG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:13-cv-01619-JMS-DKL ) |
| MATTHEW KINKADE, D. YOUNG, S. KINKADE, T. CLINE, J SORIA, J INGRAM, R. GRABER, | ) ) ) ) |
| Defendants. | ) ) |

**Entry Discussing Defendant T. Cline's Motion for Summary Judgment**

Plaintiff Jonah Long filed this civil action alleging that his Fourth Amendment rights were violated during a drug raid at his residence, 2943 Shelby Street, Indianapolis, Indiana, on June 25, 2012. He sues various members of the Metropolitan Drug Task Force in their individual capacities pursuant to 42 U.S.C. § 1983. One of these defendants is Travis Cline, a City of Lawrence Detective. Detective Cline seeks the resolution of the claims alleged against him through summary judgment. Detective Cline argues that he had no personal involvement in the alleged unconstitutional acts and that he is entitled to qualified immunity.

For the reasons explained below, Cline's motion for summary judgment [dkt. 96] is **granted.**

**I. Standard of Review**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary

judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The key inquiry, is whether admissible evidence exists to support a plaintiff's claims, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). When evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial ... against the moving party." *Celotex,* 477 U.S. at 330.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

## II. Undisputed Facts

Applying the standards set forth above, the undisputed material facts are as follows:

Defendant Travis Cline is a detective with the City of Lawrence Police Department, a position he held on July 25, 2012. On that date, Detective Cline conducted surveillance prior to a raid at a residence in Indianapolis at 2943 Shelby Street, as part of the Metropolitan Drug Task Force. Detective Matthew Kinkade, a detective for the City of Carmel Police Department, directed the Task Force.

Detective Cline observed surveillance cameras and lights around all corners of the residence at 2943 Shelby Street. During surveillance, Task Force members saw a Blue Neon automobile parked in back of 2943 Shelby Street. Detective Cline observed a male quickly exit

the back yard and get in this car. Detective Kinkade approached it, and the driver put the car in reverse at high speed and then took off. Detective Cline then immediately ran up the alley and followed this vehicle up Shelby Street, until he saw it disappear around Garfield Park.

Detective Cline did not participate in the decision to break down the door of 2943 Shelby Street and enter, and was not present when that was discussed. Nor was Cline present during the actual breaking of the door and entry with the Task Force. He was not there at the time because he had left to pursue the Blue Neon automobile, and had not yet returned. No decision had been made to forcibly enter 2943 Shelby Street before Cline ran down the street in pursuit of the blue Neon. Detective Cline would not have participated in forcible entry in any event, because he was not wearing a protective vest and otherwise was not equipped to perform such an entry.

When Detective Cline returned to 2943 Shelby Street, all Task Force officers were already in the house. Detective Cline found all suspects, including Jonah Long, were already handcuffed and in the custody of those officers present; they were in full control of the officers present, and it was not necessary for Detective Cline to provide back-up support to those officers in any respect, nor did he do so. When Detective Cline arrived, the search of the premises was under way and the team already had consent of Charles Faulkner to search. Detective Cline never learned or heard any information to indicate that entry had been wrongful.

Detective Cline did not participate in the search or seizure of property inside the residence at 2943 Shelby Street. He did not participate in the search and seizure of any items belonging to Jonah Long, or allegedly belonging to him. Nor did Detective Cline participate in Long's arrest. He did not provide information for the arrest warrant of Jonah Long. As Detective Cline found the situation inside 2943 Shelby Street in control, he left the premises before the other members of the Task Force did, and did not help to tag or secure the property seized by the other officers, nor make

any report. Detective Cline never examined or saw any list of property seized from Jonah Long, and had no role in the forfeiture proceeding concerning his property. Long admitted during discovery that he does not know who took or damaged his property and that he never talked to Detective Cline.

### III. Discussion

Detective Cline argues that he is entitled to judgment as a matter of law because he was not involved in the alleged Fourth Amendment violations and he is entitled to qualified immunity. Long argues that Detective Cline is liable for the events that occurred at 2943 Shelby Street on July 25, 2012, because Detective Cline was a member of the Metropolitan Drug Task Force and involved in the "process."

**A. Individual Liability**

Liability under 42 U.S.C. § 1983, requires personal responsibility for the misconduct alleged. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit"). It takes more than proximity to wrongdoing to support liability in a civil rights action. *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992).

The undisputed evidence reflects that Detective Cline did not participate in the initial entry or search of the house. He did not forcibly enter the residence with the task force. Detective Cline did not seize any property whatsoever. He did not arrest Long, handcuff him or contribute information to the probable cause warrant regarding Long's arrest.

Long argues that the only evidence that Detective Cline did not enter the residence with the Task Force and did not contribute any information to the probable cause warrant regarding Long's arrest is Detective Cline's testimony. Long suggests that this evidence is insufficient to

grant summary judgment in favor of Detective Cline. See dkt. 130 at p. 1. He is mistaken. In the absence of any **evidence** to the contrary, Detective Cline's affidavit (dkt. 98-1) is accepted as true. Long's speculation and arguments to the contrary are not sufficient to create a material fact in dispute.

Because there is no evidence that Detective Cline was personally responsible for the misconduct alleged in this action he is entitled to summary judgment in his favor.

### B. Qualified Immunity

Alternatively, Detective Cline argues that he is entitled to qualified immunity upon all claims. The Supreme Court has explained:

> "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al–Kidd,* 563 U.S. ——, ———, 131 S.Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011) (*quoting Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). "We do not require a case directly on point" before concluding that the law is clearly established, "but existing precedent must have placed the statutory or constitutional question beyond debate." *al–Kidd,* 563 U.S., at ——, 131 S.Ct., at 2083.

*Stanton v. Sims*, 134 S.Ct. 3, 4-5 (2013). The plaintiff bears the burden of overcoming a defendant's assertion of qualified immunity by pointing to closely analogous cases which established that the conduct was unlawful, or demonstrate that the violation was so obvious that a reasonable state actor would know that what he is doing violates the Constitution. *See Morrell v. Mock*, 270 F.3d 1090, 1100 (7th Cir. 2001).

Detective Cline is entitled to qualified immunity. Detective Cline could not have known that he would be held personally liable for the acts of other officers simply due to the fact that he was a member of the Metropolitan Drug Task Force. There is no well settled constitutional right to the contrary.

Under these circumstances, Detective Cline is entitled to qualified immunity.

## IV. Conclusion

There is no evidence upon which a reasonable finder of fact could conclude that Detective Cline is personally responsible for any violation of Long's constitutional rights. Accordingly, Detective Cline is entitled to summary judgment in his favor on this basis. In the alternative, Detective Cline is entitled to qualified immunity. Accordingly, the motion for summary judgment [dkt. 96] is **granted.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date:  02/11/2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

JONAH LONG
DOC # 103975
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838